## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| BEULAH G. BUNTON, by and through | ) | |
| her Attorney in Fact OSCAR BUNTON, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION: 1:20-00323-KD-B |
| | ) | |
| MOBILE NURSING AND | ) | |
| REHABILITATION CENTER, LLC, | ) | |
|    Defendant. | ) | |

### ORDER

This matter is before the Court on Defendant's motion to dismiss (Doc. 26).  Specifically, Defendant moves to dismiss this action due to Plaintiff's failure to file a substitution of the party plaintiff given Bunton's Suggestion of Death, per Fed.R.Civ.P. Rule 25(a)(1). Plaintiff was provided with the opportunity to file a Response but to date, no response has been filed.

This negligence and wantonness case was removed from state court on June 19, 2020. (Doc. 1), and concerns Plaintiff Beulah Bunton (Bunton or Plaintiff)'s residency at the Defendant Mobile Nursing and Rehabilitation Center, LLC (Defendant)'s nursing home and a fall that she suffered resulting in injuries (that she did not receive proper medical/nursing care).  On July 23, 2020, the case was referred to arbitration and status reports were ordered to be periodically filed. (Doc. 5).  On October 8, 2021, Defendant filed a suggestion of death stating that Bunton had died on June 24, 2021.  (Doc. 18).  On May 16, 2022, the most recent status report was filed stating that Bunton's representative was in the process of deciding about Bunton's estate before seeking to substitute the party Plaintiff and before initiating arbitration proceedings. (Doc. 24).  On June 8, 2022, Defendant filed the current motion to dismiss this action with prejudice, citing Bunton's

1

representative's failure to amend, substitute, and/or name a proper party plaintiff in lieu of Bunton within 90 days of service of Defendant's suggestion of death per Rule 25(a)(1) of the Federal Rules of Civil Procedure.  (Doc. 26).  On June 9, 2022, the Court issued an order directing the Plaintiff to file a response to the Defendant's motion on or before June 30, 2022. (Doc. 27).  To date, no response has been filed by the Plaintiff.

Federal Rule of Civil Procedure 25 allows for substitution when a party dies. Per Fed. R. Civ. P. 25(a)(1), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Rule 25(a) also requires that the suggestion of death be on the record and served on all parties to the action. Under Rule 25(a) the Court is permitted to dismiss a case if the motion for substitution is not made within 90 days after the date death is suggested upon the record.  Escareno v. Carl Nolte Sohne GmbH & Co., 77 F.3d 407, 411 (11th Cir. 1996).

Two conditions must be met in order to trigger the 90 day clock for dismissal under Rule 25(a)(1). McGuinnes v. Novartis Pharm. Corp., 289 F.R.D. 360, 362 (M.D. Fla. 2013) (citation omitted). First, a party must formally suggest the death on the record.  Fed. R. Civ. P. 25(a)(2). Second, the party that filed the suggestion of death must serve the non-party successor or representative of the decedent with the suggestion of death, consistent with Fed. R. Civ. P. 4.  Fed. R. Civ. P. 25(a)(3).

Moreover, district Courts have discretion to extend the 90 day period for substitution. Lizarazo v. Miami-Dade Corr. & Rehab Dept., 878 F.3d 1008, 1011-1012 (11th Cir. 2017). Fed. R. Civ. P. 6(b)(1)(A) also permits the Court to extend the 90 day period for good cause with or without a motion. Pursuant to Fed. R. Civ. P. 6(b)(1)(B), the Court may extend the period within which the substitution of a party may be made under Rule 25, where a party can show that its failure to act was the result of excusable neglect. Id. "[I]n applying Rule 6(b), the Courts of Appeals have generally recognized that 'excusable neglect' may extend to inadvertent delays. Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 392 (1993). "The determination of excusable neglect is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission" and "[t]he proper factors to consider are: (1) the danger of prejudice to the [nonmovant]; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." Carruth v. Smyth, 2018 WL 804272, *4 (N.D. Ala. Feb. 9, 2018) (citing Pioneer, 507 U.S. 380 at 395).

First, Defendant filed a Suggestion of Death on the record on October 8, 2021. (Doc. 18). Second, Defendant served the representative of the decedent (counsel) with the suggestion of death. (Doc. 18 at 2). More than 90 days have passed since the Suggestion of Death and while Status Reports have been filed in the interim, no motion to substitute has been filed. At most, the

Status Reports indicated that Bunton's counsel has been in the process of opening her estate and would do so before pursuing substitution and initiating arbitration.  (Docs. 20, 22, 24).  And while the Court provided Plaintiff with an opportunity to respond to Defendant's motion, no response has been filed.  Upon consideration, the Defendant's motion to dismiss (Doc. 26) is **GRANTED.**

      **DONE** and **ORDERED** this the **19th** day of **July 2022.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

4